Reese, J.
delivered the opinion of the court.
The defendant was in possession of a negro slave, and sold the samé to plaintiff, and by deed-transferred the slave to the *344 plaintiff. This deed contained no covenant whatever, but was a mere conveyance of the tide. This action of assumpsit was brought upon the warranty of title implied by law from the mere fact of the sale; the defendant not having a good title to the slave, who was taken from the possession of the plaintiff and sold, by the paramount right of another. Upon the trial of the cause, the honorable Circuit Judge charged the jury, “that the plaintiff could not recover, because of the deed or bill of sale; that the writing must contain the whole contract, and to permit the plaintiff to recover would be to add to or enlarge the written agreement.”
In this charge, we are of opinion that the Circuit Court was in error. It is a well settled principle, applicable to all sales of chattels in the possession of the vendor, that the act, or fact of sale, of itself, by operation of law, implies and involves a warranty of the title. This principle operates with as much force when the sale and transfer of the property is evidenced by writing, or by deed, as if the evidence of sale were merely verbal. And this principle does not contravene the general rule of evidence, alluded to by the Judge; because the warranty of his title is as strongly implied from the fact of sale, which fact is proved by deed, as if it were proved otherwise. It does not enlarge the writing: it arises by operation of law, from the act, or fact of sale itself. The property being a slave, makes no difference in the principle: a slave is a personal chattel.
This point has been often decided, ana was expressly determined at this term, in the case of GooTdn vs. Campbell et als.
The verdict is set aside, and a new trial is awarded.